Donald **DARDEN**, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**, Defendant.

No. 87–CV–71719–DT.

United States District Court,
E.D. Michigan, S.D.

May 4, 1988.

256

Clifford L. Wiesberg, Wiesberg & Walkon, Southfield, Mich., for plaintiff.

Elizabeth Larin, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is an action for review of the Secretary's decision denying disability benefits. 42 U.S.C. § 405(g). A magistrate recommends that the Court grant the Secretary's motion for summary judgment. For the following reasons, summary judgment is GRANTED in favor of plaintiff.

### A.

Plaintiff applied for disability benefits on February 12, 1986, due to a fracture of the right ankle with residuals, vasopastic (Prinzmetal variant) angina, status post myocardial infarction and degenerative disc disease of the lumbar spine with radiculopathy. Plaintiff also claims nonexertional limitations of chest pain accompanied by shivering, chills, weakness, nausea, dizziness, sweating, blurred vision and fear of death; fatigue; severe headaches; back and right leg pain; and swelling of the right ankle. Plaintiff alleges disability onset from October not the first 1983. Plaintiff's disability insured status expired December 31, 1985. Benefits were denied initially and upon reconsideration. After a *de novo* hearing, an administrative law judge (ALJ) denied benefits. The Appeals Council denied review. This became the final decision of the Secretary.

After plaintiff applied for review in this Court, a magistrate recommended that the Secretary's motion for summary judgment be granted.

### B.

Plaintiff objects. The only question is whether plaintiff met the relevant Listing, 20 C.F.R. Part 404, Subpt. P, App. 1, § 4.04 (ischemic heart disease) prior to the expiration of his insured status on December 31, 1985. In all other respects substantial evidence supports the ALJ's decision.

The Secretary in response says plaintiff does not meet the Listing because: (1) plaintiff does not have pain of cardiac origin; (2) the EKG tracings submitted are "whitewashed" and illegible; and, (3) although two medical advisors (MAs) found that at least one of plaintiff's EKGs met a portion of § 4.04, both MAs indicated that plaintiff's pain was not of cardiac origin and that a treadmill stress test indicated that plaintiff did not meet the Listing.

### C.

The Secretary's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). In determining whether the evidence is substantial, the Court must take into account whatever in the record fairly detracts from its weight. *Beavers v. Sec. H.E.W.*, 577 F.2d 383, 387 (6th Cir.1978). Finally, the Court must review *de novo* those portions of the magistrate's report and recommendation to which plaintiff objects. 28 U.S.C. § 636(b).

### II.

■ To meet Listing § 4.04, plaintiff must demonstrate ischemic heart disease for a continuous period of at least one year, 20 C.F.R. § 404.1509, through symptoms, physical signs and laboratory findings. First, plaintiff must establish that he has chest pain of cardiac origin. § 4.00 E. Plaintiff must then submit the results of an acceptable treadmill exercise test. If the results of that test meet Listing 4.04 A, plaintiff is disabled. In absence of an acceptable treadmill test, plaintiff must demonstrate that he meets one of the subsections of Listing 4.04 B to be found disabled. Here the relevant sections are 4.04 B(4) and (5).

### A.

Plaintiff has chest pain of cardiac origin. Section 4.00 E states:

So-called "anginal equivilent" locations manifested by pain in the throat, arms or hands have the same validity as [chest pain precipitated by effort]. Status anginosus and variant angina of the Prinzmetal type (e.g., rest angina with transitory ST elevation on [EKG]) will be considered to have the same validity as classical angina pectoris ... .

There is evidence that plaintiff suffers from Prinzmetal angina. His emergency room treatment records dated October 8, 1983 state that an EKG revealed significant ST segment elevation in leads 2, 3, AVF, V5, V6 and V7. As noted by the Secretary, the dates of the accompanying EKGs are difficult to read and it is not known to which of the EKGs the emergency room report referred. Regardless, the tracings of the EKGs taken during plaintiff's hospitalization accompany his treatment records.

■ Furthermore, plaintiff has had pain in the "anginal equivilent" locations. At the hearing and as noted in his medical records, plaintiff complained of pain in his chest and down his right side. Dr. Sundell, one of the MAs who examined plaintiff's records, indicated that plaintiff's description of pain suggested Prinzmetal angina. Additionally, uncontradicted evidence that plaintiff was taking heart medicine supports the conclusion that he has chest pain of cardiac origin. *Knipe v. Heckler*, 755 F.2d 141 (10th Cir.1985).

### B.

■ Plaintiff's treadmill stress test of April 29, 1986 does not qualify as an ac-

ceptable test for the purposes of Listing 4.04 A. Plaintiff's October 1983 EKGs meet Listing 4.04 B(4), (5), *see infra part C.* The treadmill test was taken in late April 1986, 18 months after plaintiff's qualifying EKGs. This is the first evidence offered by the Secretary to rebut plaintiff's prima facie showing of disability. Plaintiff need only establish disability for one year, through October 1984, to qualify for benefits. 20 C.F.R. § 404.1509. The 18 month time period between the EKG and the treadmill test is too great to allow a late April 1986 test to negate a prima facie showing of disability in October 1983.

### C.

Because there is no acceptable stress test, plaintiff must demonstrate that he meets one of the subsections of Listing 4.04 B. Plaintiff meets both subsections (4) and (5), which require:

    4. Resting [EKG] findings showing symmetrical inversion of T waves to 5.0 mm. or more in any two leads except leads III or aVR or $V_1$ or $V_2$; or

    5. Inversion of T wave to 1.0 mm. or more in any of leads I, II, aVL, $V_2$ to $V_6$ *and* R wave of 5.0 mm. or more in lead aVL *and* R wave greater than S wave in lead aVF; ....

20 C.F.R. Part 404, Subpart P, App. 1, Listing 4.04 B(4), (5) (emphasis original). Listing 4.00 F(1) states that detailed descriptions or computer interpretations without original or legible copies of the EKGs are not acceptable for determining disability under the Cardiovascular System Listings.

### 1.

■ The Secretary argues that plaintiff's EKGs do not meet the Listing because he did not have the required findings and tracings. The dates of some of the EKG tracings are difficult to read. However, it is clear that those tracings were submitted with plaintiff's hospital records and their dates can at least be limited to the length of plaintiff's stay. The fact that the computer tracings of the EKGs are illegible, and that portions of the tracings are "whitewashed" is not fatal to the validi-

ty of the tracings. The MAs, Drs. Sundell and Schroeder, obviously found the EKGs legible enough to form the opinion that at least one and possibly two EKGs met the Listings. The Secretary should not be heard to attack the legibility of the tracings when his own medical advisors were able to read them.

### 2.

Both MAs, Drs. Sundell and Schroeder, stated that an EKG met the EKG portion of the listings. Dr. Schroder stated "[EKG] meets criteria for 4.04B5." (Tr. at 134) Dr. Sundell, after noting that the dates of the EKGs were difficult to read, stated "the next EKG [date not determined but apparently in October 1983] meets 4.04B.4." (Tr. at 270) The uncontradicted opinions of the Secretary's MAs establish that plaintiff met the relevant Listing and was thus disabled from October 1983. For the above reasons, this case is REMANDED to the Secretary for an award of benefits.

SO ORDERED.

### SUMMARY JUDGMENT FOR PLAINTIFF AND ORDER OF REMAND

The Court having reviewed the pleadings, the Report and Recommendation of the Magistrate, and the objections of the plaintiff to that report and recommendation, and having made a *de novo* determination of those portions of the report and recommendation to which objection has been made;

IT IS ADJUDGED that the motion for summary judgment of plaintiff is GRANTED and that the motion for summary judgment of defendant is DENIED.

IT IS ORDERED that this case be REMANDED to the Secretary of Health and Human Services and that the Secretary is to determine and award to the plaintiff the appropriate amount of benefits for disability to which plaintiff is entitled.